## 11692

### DEAL v. FENNER *ET AL.*

#### (126 S. E., 434)

1. PRINCIPAL AND AGENT—QUESTION OF AGENCY HELD FOR JURY.—In action for money deposited with defendants' alleged agent for purpose of trading in cotton futures, question of agency *held* for jury.

2. GAMING—BROKER INTRUSTED WITH MONEY ON GAMBLING CONTRACTS AUTHORIZED BY PRINCIPAL LIABLE TO PRINCIPAL THEREFOR.— Agent or broker intrusted with money lost on gambling contracts authorized by principal is liable to principal for money so lost under Civ. Code, 1922, § 5167.

3. GAMING—STATUTE AUTHORIZING RECOVERY OF MONEY RECEIVED FOR PURPOSE OF TRADING IN FUTURES HELD APPLICABLE.—Civ. Code, 1922, § 5167, making agent liable for money received from principal for trading in futures, *held* applicable, where principal's money was received within the State, and payment was to be made within the State, without the purchase of any cotton.

---

NOTE: On right of principal who has placed money in hands of agent for illegal purpose to compel its return, see note in 13 L. R. A. (N. S.), 267.

On right to recover money which plaintiff placed in the hands of an agent, to be used for gambling purposes, see note in 3 A. L. R., 1635.

4. GAMING—BROKERS WHO RECEIVED MONEY FOR TRADING IN FUTURES LIABLE TO PRINCIPAL THEREFOR, REGARDLESS OF THE AMOUNT ACTUALLY LOST.—Under Civ. Code, § 5167, making agent liable to principal for money received by agent for purpose of trading in futures, brokers who had received money for such purpose were liable to principal therefor, regardless of the actual amount lost.

Before JOHNSON, J., Greenwood, October, 1923. Affirmed.

Action by E. E. Deal against C. E. Fenner and others, partners as Fenner & Beane. Judgment for plaintiff and defendants appeal.

*Messrs. S. H. McGhee* and *Haynsworth & Haynsworth,* for appeallant, cite: *Contracts for future delivery:* Code 1922, Vol. 3, Sec. 5165, 6, 7. *Where money is still in the agent's hands:* 53 S. C., 173; 45 S. C., 344. *Legality of a contract determined by laws of the State where it is to be performed:* 286 Fed., 346; 243 U. S., 15; 277 Fed., 680; 77 C. C. A., 161; 79 C. C. A., 284; 118 C. C. A., 542. *Validity of contracts for future delivery:* 37 La. Ann., 814; 43 Sup. Ct., 36; 272 Fed., 209; 286 Fed., 171. *Vague and indefinite proof as to amount of money owed:* 2 Bay, 412; 2 McCord, 218.

*Messrs. Grier, Park & McDonald* and *W. P. Greene,* for respondent, cite: *Relationship between defendant and third party:* 53 S. C., 173; 78 S. C., 157.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The evidence was abundant, as set forth in the *Dowling v. Fenner & Beane,* but the facts are practically the same, and the reasons need not be restated.

The questions are:

I. "There was no evidence from which the jury could reasonably conclude that Taylor was the agent of Fenner & Beane, and that they were liable to the plaintiff for the receipt and loss of the money in question."

The evidence was abundant, as set for the in the *Dowling Case*.

II. "The action to recover money lost on gambling contracts does not lie against an agent or broker intrusted with the money, and lost on contracts authorized by the principal." Section 5167, Code 1922, vol. 3, makes them liable.

III. "The legality of the contracts in question is to be determined, not by the laws of South Carolina, but by those of Louisiana."

If the jury believed that the office in Greenwood, S. C., as they necessarily found, was really the office of Fenner & Beane; that Deal's money was paid in Greenwood and payment to be made in Greenwood and no cotton to be purchased anywhere, then it was certainly a South Carolina contract, and is governed by the laws of South Carolina, and recovery may be had under that statute. It all depended on the answer to the question, Was Taylor the agent of Fenner & Beane?

IV. "The action is to recover money lost on illegal contracts for the purchase of cotton. The testimony fails to show what sum was lost, and a verdict should have been directed."

The law does not require the impossible. Deal put his money into the defendants' hands for an unlawful purpose, and the statute allows him to recover for it. How could the plaintiff tell what the defendants had done with it? The questions were, Did they get the money? If so, did they return it? The defendants alone had the information, and, if it was material, the defendants should have shown it.

V. The admission of testimony is considered in *Dowling v. Fenner & Beane*.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.